(1 App. Div. 172.)

KEENAN v. GETSINGER.

(Supreme Court, Appellate Division, Third Department. January 27, 1896.)

1. EVIDENCE—DECLARATIONS.
   In an action by a sister of defendant's deceased wife to recover for services in caring for such wife in sickness, it was error to exclude testimony of conversations relating to the performance of such services between plaintiff and defendant and his wife.
2. CONTRACTS WITH WIFE—AUTHORITY AS AGENT.
   Evidence was also admissible of arrangements made between plaintiff and defendant's wife regarding the services before their rendition.
3. EVIDENCE—VALUE OF SERVICES—EXPERT TESTIMONY.
   Where there was evidence that plaintiff rendered services in nursing defendant's wife by her request, and on promise of compensation, the testimony of a physician as to the value of the services is admissible, where it was shown that he knew the services rendered, had hired nurses, and was familiar with their duties.

Appeal from special term, Albany county.

Action by Annie M. Keenan against Henry Getsinger. From a judgment dismissing the complaint, on the report of a referee, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, MERWIN, PUTNAM, and HERRICK, JJ.

Eugene D. Flannigan, for appellant.
W. K. Clute, for respondent.

MERWIN, J. The plaintiff in this case sought to recover for services performed by her at the house of the defendant, in taking care of the defendant's wife upon three occasions, at two of which the wife was ill in confinement, and the other occasion was at the last sickness and death of the wife. There was no dispute that plaintiff performed services on these occasions, with the knowledge of the defendant, at his house. In his answer he admits that, at the periods of confinement, the plaintiff rendered and performed certain services and attention usual in such cases. The plaintiff was the sister of the wife, and the defendant alleges that whatever the appellant did was gratuitous, and was rendered without any request or promise to

pay therefor on the part of defendant or any one acting for or in his behalf. The referee found, among other things, that it was not proved at whose request the services were performed, and that the value of the services was not proved.

It is claimed by the appellant that material errors were made by the referee in rulings upon the admission of evidence. The appellant was upon the stand as a witness in her own behalf, and was asked, with reference to the third illness, the question: "Can't you recollect the conversation with defendant and defendant's wife in regard to your going there?" The plaintiff answered: "Yes," and the defendant then objected to the conversation, and the referee sustained the objection, and plaintiff excepted. The plaintiff was also asked to state a conversation with defendant's wife during the wife's last sickness, when defendant was present, in regard to having another nurse. This was excluded, and exception taken. These conversations were competent, the defendant being present, and it does not appear that they were fully stated at any other stage of the case.

The plaintiff was also asked to state a conversation had with defendant's wife at a certain time "in regard to coming to care for her during expected illness in confinement." This was objected to as incompetent, immaterial, no part of the issue, also hearsay, and that a wife cannot bind a husband only for support, unless she is his authorized agent. The objection was sustained, and exception taken. We think this evidence should have been admitted. See Reeve, Dom. Rel. 79; Benjamin v. Benjamin, 15 Conn. 357.

One of the issues in the case was whether plaintiff went and performed the services in question under such circumstances as would give her a right to expect compensation therefor. There is some evidence in the case that the plaintiff performed the services at the request of the wife, and upon promise of compensation. The referee, however, declined to so find, and we cannot therefore say that the erroneous rulings above referred to were not injurious.

The physician who was in attendance upon the wife on one of the occasions referred to, after having testified that he knew the plaintiff, saw her at the defendant's house during that illness, saw her perform the duties of a nurse there during that illness, and that the duties she performed as a nurse were proper, and also that he was familiar with the duties of a nurse, and had hired nurses, was asked the question: "Assuming that this plaintiff performed the duties of a nurse for the defendant's wife during that period you have stated, in the spring of 1892, and did the services in a proper manner as nurse, what, in your opinion, would be the value of her services?" This was objected to by defendant, "as incompetent, immaterial, and irrelevant, and that the services that the plaintiff swore to were not sworn to in the presence of the witness." The objection was sustained, and exception taken. This ruling was, we think, erroneous, and was material.

Other exceptions were taken, which need not be here considered. We are of the opinion that there should be a new trial.

Judgment reversed, and a new trial ordered, costs to abide the event, and referee discharged. All concur.